IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY R. KNOX, JR.,                )
                                    )
                 Petitioner,        )
                                    )
         v.                         )    1:13CV1155
                                    )
STATE OF N.C. DEPARTMENT OF         )
PUBLIC SAFETY OF PRISONS,           )
                                    )
                 Respondent.        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis* and an Amended Petition. For the following reasons, the Petition and Amended Petition cannot be further processed:

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner with sufficient information to allow the Court to make an *in forma pauperis* determination. Petitioner did submit an *in forma pauperis* application, but did not file the form designated for prisoners. As a result it does not contain the amount of money deposited into Petitioner's prison trust account in the last six months, which is information needed by the Court.

2. Petitioner fails to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate

Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). Petitioner reports raising the claim in his original Petition in the United States Supreme Court, which would not be proper to exhaust the claim. He states that the claim set out in his Amended Petition is pending in the North Carolina courts. Petitioner must exhaust all of his claims in the North Carolina courts before this Court could consider granting relief on them.

3. The only claim alleged in Petitioner's original Petition appears to read "Baby alleged Mr. Knox's death & trade secrets civil medical child support and a attorney that would not go to trial for nothing after talking to the investigating officer." (Docket Entry 2, § 12(a).) The first portion of this claim is not intelligible and does not necessarily appear to be related to Petitioner's conviction. The portion regarding his attorney appears to be an allegation that his attorney did not want to go to trial. However, Petitioner does not set out any facts showing why this amounted to ineffective assistance of counsel.

Because of these pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 6th day of January, 2014.

_____
Joe L. Webster
United States Magistrate Judge